UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-CV-177-RJC

| ROBIN LYNN EVANS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | **ORDER** |
| IREDELL COUNTY SHERIFF'S | ) |  |
| DEPT., PHILLIP REDMOND, et al. | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on its own motion. On October 17, 2011, Plaintiff filed a complaint under 42 U.S.C. § 1983 against the Iredell County Sheriff's Department, Phillip Redmond, the Sheriff of Iredell County, and various other individuals which the complaint alleges are employees of Iredell County. (Doc. No. 1). At the time he filed his complaint, Plaintiff was incarcerated in the Iredell County Detention Center in Statesville. Along with his complaint, Plaintiff filed an Application to Proceed Without Prepayment of Fees or Costs. (Doc. No. 2). The Clerk of Court entered an Order requiring the detention center to produce a copy of Plaintiff's inmate trust account. (Doc. Nos. 3, 8). Following receipt of the statement, the Clerk entered an Order waiving Plaintiff's initial filing fee of $350 and directing the detention center to deduct monthly payments from Plaintiff's prisoner trust account and remit the same to the Clerk for application towards payment of the filing fee. (Doc. No. 10). On April 18, 2012, the Clerk received a letter from the Iredell County Sheriff's Department which stated that Plaintiff had been released from the detention center on March 27, 2012, for time served. (Doc. No. 11).

1

A prisoner is authorized to bring a civil action under Section 1983 without prepayment of fees or costs if the required affidavit and prisoner trust account establish financial need. See 28 U.S.C. § 1915 (a) and (b). However, Section 1915(c) cautions that despite the ability of a financially qualified prisoner to initiate such a suit without prepayment of fees or costs, the prisoner "shall be required to pay the full amount of a filing fee." To date, it does not appear that Plaintiff has paid any amount towards the costs of this action. Nor has Plaintiff provided the Court with information regarding his present whereabouts.

The Court will direct Plaintiff to pay the full amount of the $350 filing fee in this matter or submit a current affidavit to proceed without prepayment of fees and costs which reflects his present ability to pay the full filing fee. The Court cautions Plaintiff that failure to provide the full filing fee or the required affidavit within fourteen (14) days from entry of this Order will result in the dismissal of Plaintiff's complaint.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall pay to the Clerk of Court the amount of $350 to pay the filing fee for his complaint, or submit a completed affidavit in support of his Application to Proceed Without Prepayment of Fees or Costs which reflects his current ability to pay the filing fee.

Plaintiff is advised that failure to submit the full filing fee or the required affidavit within fourteen (14) days from entry of this Order will result in the dismissal of Plaintiff's complaint.

The Clerk of Court is respectfully directed to send a copy of this Order to Plaintiff at his last known address on file.

Signed: June 25, 2012

*Robert J. Conrad, Jr.*

Robert J. Conrad, Jr.
Chief United States District Judge